UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

Marlon Manswell,

                                  Plaintiff,

-against-

The City of New York, et al.,

                                  Defendants.

-------------------------------------------------------------------X

**DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3**

10 CV 5878 (FB) (VVP)

## PRELIMINARY STATEMENT

Defendant City of New York respectfully moves this Court, pursuant to Rule 6.3 of the Local Rules of the Southern and Eastern Districts of New York, for reconsideration of the Court's Order dated February 9, 2011, granting plaintiff a protective order over his medical records pursuant to F.R.C.P. 26(c) and finding that good cause had been shown for such an order. For the reasons set forth herein, defendant respectfully requests that the Court reconsider its prior ruling.

## STATEMENT OF AUTHORITY

Local Rule 6.3 provides in relevant part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." S.D.N.Y. Local Civil Rule 6.3; see Gastelu v. Breslin, 03 CV 1339 (JG), 2005 U.S. Dist. LEXIS 20341 (E.D.N.Y. Sept. 12, 2005) (granting motion for reconsideration and dismissing complaint in § 1983 action after re-analysis of dispositive U.S. Supreme Court decision).

# ARGUMENT

## A. The Court's February 11, 2011, Order

Defendant respectfully requests that the Court reconsider its February 11th Order, wherein the Court found that plaintiff had shown good cause for the entry of a protective order to govern treatment of, *inter alia*, plaintiff's medical records stemming from the alleged incident which forms the basis of this lawsuit. In reaching its conclusion, the Court did not conduct a hearing or conference to discuss these matters, nor was a written opinion issued. Most relevant to the instant application however, this Court did not undertake any analysis of what is required of a movant to show "good cause" under F.R.C.P. 26(c). In doing so, this Court has overlooked the well-established case law in this Circuit which holds that "good cause" requires a particularized showing and cannot be based on mere conjecture or speculation.

## B. Plaintiff's Application to the Court

By letter motion dated January 31, 2011, (hereinafter "P's letter"), plaintiff argues that he is entitled to a confidentiality order governing the disclosure of his medical records. In support of this position, plaintiff argues, *inter alia*, that "if plaintiff's medical records were publicly released, it would be extremely embarrassing and annoying for him." P's letter at pg. 4. Plaintiff further maintains that he is entitled to such an order because, according to plaintiff, "the Corporation Counsel's office regularly enters into joint confidentiality stipulations such as that proposed by plaintiff" and that defendant will not be prejudiced in any way since this litigation will involve a confidentiality stipulation to govern the disclosure of the defendant officers personnel and disciplinary records. Id.

Although plaintiff's application seemingly contains applicable case law to support his position, upon closer review, <u>none</u> of the cases relied on by plaintiff assist his cause in any way. Indeed, <u>none</u> of the case cited support the position that plaintiff takes here; namely that he is automatically entitled to a protective order in a § 1983 case where he brings a claim for excessive force. To take it further, <u>not a single case</u> cited by plaintiff in his January 31, 2011, is one in which a plaintiff has succeeded in obtaining a protective order against the City of New York in a § 1983 case to govern his/her medical records where the plaintiff brings a claim of excessive force, <u>much less</u> a case where good cause was shown under Rule 26 by simply asserting that the plaintiff would be embarrassed and annoyed if his records were released. It simply cannot be that a plaintiff's assertion alone that he would be embarrassed is all that Rule 26 requires in order to show good cause. Defendant submits that it is not.

### C. Plaintiff's Burden to Show "Good Cause" Under Rule 26 (c)

The burden of establishing good cause lies with the party seeking the protective order. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (2010) ("Wright & Miller"); <u>Duling v. Gristede's Operating Corp.</u>, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) ("The party seeking a protective order bears the burden of establishing that good cause for the order exists"). In order to establish good cause, the movant must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause." Wright & Miller § 2035. "Ordinarily, good cause for a protective order exists when a party shows that disclosure will result in a *clearly defined, specific and serious injury*." <u>Schiller v. City of New York</u>, 04 Cv. 7922 (KMK) (JCF), 2007 U.S. Dist. LEXIS 4285, *18 (S.D.N.Y. Jan. 19, 2007) (quoting <u>In re Terrorist Attacks</u>, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)) (emphasis added). Conversely, "[b]road allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." Id. The harm must be significant, not a mere trifle." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (internal citations omitted); *see also* Allen v. City of New York, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) (finding that "generalized and unsupported claims of harm that might result from disclosure" do not constitute good cause). Here, the burden unquestionably lies with plaintiff who is seeking a protective order over his medical records.

Courts that have engaged in the "good cause" analysis pursuant to Rule 26(c) have consistently held that broad, generalized, and unsupported allegations of harm or embarrassment are insufficient to warrant the entry of a protective order. See, e.g., Freydl v. Meringolo, 09 Civ. 07196 (BSJ)(KNF), 2011 U.S. Dist. LEXIS 2625, at *4-11 (S.D.N.Y. Jan. 7, 2011) (finding that "the defendants' broad and generalized allegations of 'serious personal and professional injury' and the need 'to prevent economic loss by scaring away current and future clients and to prevent damage to Defendants' personal and professional reputation' are speculative and unsubstantiated by any specific examples or articulated reasoning, and, as such, do not satisfy the burden imposed on the defendants in establishing good cause under Rule 26(c)."); Crawford-Bey v. N.Y. & Presbyterian Hosp., 2010 U.S. Dist. LEXIS 52859, 10-11 (S.D.N.Y. May 26, 2010) (motion for a protective order denied where plaintiff failed to make any showing– let alone establish good cause – why the defendant should not receive the information or documents requested through discovery).

In U2 Home Entertainment, Inc., v. Kylin TV Inc., defendants sought to continue a confidentiality designation over certain documents and argued in a conclusory fashion that the documents at issue generally contained "'competitive. . . information' of the kind 'routinely'

protected by a protective order.'" 2008 U.S. Dist. LEXIS 30755, at *5 (E.D.N.Y 2008) (quoting defendants' letter submission). Defendants further claimed that the documents at issue were "highly sensitive." Id. at *7. With the exception of a single category of documents, Magistrate Judge Mann concluded that, in the absence of any specific evidence to support their claim of confidentiality, defendants failed to demonstrate "good cause" for the relief sought See id. at *6 ("Rather than making a particularized showing of good cause for continued confidential treatment in this case, defendants merely cite a case involving trade secrets . . . and assert, in conclusory and unsworn fashion, that the information at issue here 'is routinely the subject of protective orders . . .'"). The same result should be reached here where plaintiff, like the defendants in the above case, has merely alleged in a conclusory fashion that plaintiff would be embarrassed and annoyed *if* his medical records were publicly released. This statement alone should not and cannot be deemed to constitute good cause under Rule 26.

Interestingly, in this case, and based upon a review of plaintiff's complaint, plaintiff alleges that he sustained injuries to his shin, foot, shoulder, lip, and eye as a result of the alleged incident in question. There is nothing private or sensitive about these claimed injuries or anything that should reasonably cause one to be embarrassed or annoyed even if inadvertently disclosed. Defendant is at a loss to understand why an injury to, *inter alia*, plaintiff's shin or foot warrants confidentiality. Not surprising, plaintiff's letter motion does not shed any light on this claim or provide any reasonable, good faith explanation for heightened protection.[1]

---

[1] Although certainly not this case, defendant can envision a situation where plaintiff's medical records should be treated as confidential particularly where the injuries are of such a nature that disclosure would actually cause embarrassment or annoyance. For example, confidentiality could and would be appropriate if the plaintiff was a victim of a sexual assault or sustained an injury of a sort that altered his/her physical appearance. None of these have occurred in this case.

## D. Conclusion

For the foregoing reasons, defendant respectfully requests that the Court reconsider its ruling and deny plaintiff's request for a protective order over his medical records in this case and further relief as the Court may deem just and proper.

Dated: New York, New York
February 23, 2011

By: *[signature]*

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 3-226
New York, New York 10007
(212) 788-0784

Rachel Seligman Weiss
Senior Counsel

Shlomit Aroubas
Assistant Corporation Counsel

TO: Gabriel Harvis, Esq.
Harvis and Saleem

| |
|---|
| Docket No 10 CV 5878 (FB) (VVP) |
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| Marlon Manswell,<br>                                                                Plaintiff,<br>                -against-<br><br>The City of New York, et al.,<br>                                                            Defendants. |
| **MEMORANDUM OF LAW** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street, Room 3-226*<br>*New York, New York 10007*<br><br>*Of Counsel: Rachel Seligman Weiss*<br>*Tel: (212) 788-0784* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................................................., 20.....*<br><br>*............................................................................................... Esq.*<br><br>*Attorney for ..............................................................................* |