UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Marlon Manswell,

                                    Plaintiff,

          -against-

The City of New York, et al.,

                             Defendants.

-----------------------------------------------------------------------X

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3**

10 CV 5878 (FB) (VVP)

## PRELIMINARY STATEMENT

Defendant City of New York respectfully submits this reply memorandum of law in further support of its motion for reconsideration of the Court's Order dated February 9, 2011, wherein Your Honor found that plaintiff had shown good cause to warrant the entry of a protective order to govern treatment of his medical records. For the reasons set forth herein, as well as in defendant's moving papers of February 23rd, plaintiff has failed to make the particularized showing of good cause that is required in this Circuit to support an application for a protective order. Accordingly, defendant respectfully requests that the Court reconsider its prior ruling and deny plaintiff's application for a protective order in the instant case.

## ARGUMENT

**A.    Plaintiff Has Failed To Show "Good Cause" Under Rule 26(c).**

Plaintiff has now been afforded two opportunities to provide a particular and specific demonstration of good cause – once in his initial application to the Court and again in opposition to defendant's motion for reconsideration – yet he simply reasserts that medical information is "intrinsically confidential" without reference to evidence or controlling authority.

See P's Opp. p. 4.  Moreover, plaintiff makes the absurd accusation that, merely by opposing his application for a protective order, the City claims the prerogative to "decide on a case by case basis whether the nature of a plaintiff's injuries are in its opinion sufficient to warrant protection against . . . disclosure."  See P's Opp. p. 4.  To the contrary, beyond the allegations in the complaint, plaintiff has never informed the City, or the Court, of the nature of his purported injuries.  Accordingly, neither defendant nor the Court has been afforded the opportunity to consider whether the information contained in plaintiff's medical records implicates the factors enumerated in Rule 26(c).  There is no indication that plaintiff's records document medical conditions beyond those alleged in the complaint, and there can be no basis for the entry of a protective order to govern records of injuries described in a publically available document.

Plaintiff appears to proceed on the theory that, regardless of the nature of his injuries (or lack thereof), he is entitled to a protective order because HIPAA promotes a policy of confidential treatment of medical records.  See P's Opp. pp. 4-5.  Defendant does not dispute that, by enacting HIPAA, Congress intended to afford medical records protection from disclosure.  However, as plaintiff acknowledges, he has waived the protections of HIPAA by filing the instant action, and there is no support, either in the statute itself or in case law, for the proposition that a protective order must be entered where statutory protections are waived in litigation.  Indeed, in its moving papers dated February 23rd, defendant highlighted the lack of authority to support plaintiff's position that a protective order is warranted simply because the claims in this case implicate medical records.  See Def.'s Mot. p. 3.  Nevertheless, plaintiff fails to provide such authority in response to defendant's application, see generally P's Opp., and defendant reiterates that Rule 26(c) is not satisfied merely by reference to the nature of a plaintiff's claims and conclusory allegations of embarrassment and annoyance.  It is simply not

- 2 -

the case that allegations of excessive force constitutes "good cause," per se, so as to warrant the entry of a protective order and plaintiff provides no legal authority for this expansive proposition.

Moreover, plaintiff's suggestion that the City is precluded from disputing good cause because this Office has voluntarily entered into protective orders in other cases, see P's Opp. pp. 5-6, is equally unavailing.  There is no inconsistency between the decision to accept a showing of good cause proffered by opposing counsel in one case and the decision to oppose a motion for a protective order in the absence of any indication that a plaintiff's medical records contain sensitive information.  Fatal to plaintiff's position, for the handful of cases which plaintiff cites wherein this Office has agreed to a protective order governing medical records, there are hundreds of cases involving claims of excessive force which have proceeded in the absence of such an order, including cases which were handled by opposing counsel himself during his employment  as an Assistant Corporation Counsel.  See, e.g., Gerardo Mayol v. City of New York et al., 10-cv-2024 (FB)(ALC); Anna M. Vallade-Allah et al. v. City of New York et al., 09-cv-4330 (JG)(CLP); James Grant et al. v. City of New York et al., 09-cv-8838 (LTS)(HBP); Olga Negron et al. v. City of New York et al., 09-cv-944 (SLT)(SMG).

**B.      Plaintiff's Motion For Costs Should Be Denied.**

In the event that the Court declines to reconsider its February 9th Order, plaintiff is not entitled to recover expenses incurred in relation to his motion for a protective order. Plaintiff fails to explain how defendant's opposition was not substantially justified, as is required to impose a sanction of expenses under Fed. R. Civ. P. 37(a)(5), or made for an improper purpose, as is required to justify an award of expenses under 28 U.S.C. § 1927.

As an initial matter, it is simply not the case that the this office "refus[ed] to grant any level of confidentiality whatsoever to plaintiff's medical records," thereby necessitating plaintiff's motion. See P's Opp. p. 7. As stated in defendant's opposition dated February 7th, defendant assured plaintiff's counsel that it would proceed cautiously and sensitively with plaintiff's medical records, and further, in the event of motion practice, defendant agreed to file the records under seal so as not to create a public record. See Def.'s Opp. p. 3. Opposing counsel offers no explanation as to why defendant's assurance and concession in this regard were insufficient to protect his client's interests. Additionally, contrary to plaintiff's characterization, protective orders entered on consent in other cases do not constitute "relevant authority" so as to render defendant's opposition in the instant action unjustified. See P's Opp. pp. 7-8. As discussed in Point I, supra, it is not improper to voluntarily enter into a protective order in one case and oppose a protective order in another where there is no evidence or any showing that the particular medical records contain sensitive information. Finally, defendant respectfully submits that it was substantially justified in opposing plaintiff's motion for a protective order, the terms of which would impose burden and cost on defendant over the course of the litigation, in the absence of any indication that plaintiff's medical records contain information pertaining to injuries or conditions other than those alleged in the publically-available complaint.

In opposition to defendant's motion for reconsideration, plaintiff relies on Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P., 2010 U.S. Dist. LEXIS 132749 (S.D.N.Y. Dec. 8, 2010) and on Kryszak v. Chase Bank USA, N.A., 2008 U.S. Dist. LEXIS 24323 (W.D.N.Y. Mar. 26, 2008) for support of his application for fees and expenses incurred in relation to his application for a protective order. See P's Opp. at p. 6. Notably, however, both cases clearly support defendant's position that by moving for a protective order, plaintiff had the

- 4 -

Case 1:10-cv-05878-FB -VVP   Document 12   Filed 03/10/11   Page 5 of 6
- 5 -

burden to show good cause to support his application for a protective order in this case.  Kamps,

at *8 ("A party moving for a protective order bears the burden of demonstrating good cause

warranting protection.") (quoting Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir.

1992)); Kryszak, at *9-10 ("The burden is on the party seeking the protective Order to show the

existence of some plainly adequate reason therefore, . . . . to show good cause for the protective

Order. Courts have required particular and specific demonstration of fact, not conclusory

statements, to establish good cause.") (citing 8 Charles A. Wright, Arthur R. Miller & Richard L.

Marcus, Federal Practice and Procedure § 2035, at 483-84 (Civil 2d ed. 1994)).

It is specifically for plaintiff's continuous and complete failure to demonstrate any

cause, let alone good cause, warranting his application for a protective order, that defendant was

forced to object and further to move before this Court for reconsideration.  As set forth supra,

plaintiff has and continues to aver merely conclusory statements, unsupported by legal authority,

that medical records are inherently sensitive and categorically merit heightened protection.

Thus, it cannot be said that defendant's opposition in the instant action was unjustified to merit

either costs and expenses to plaintiff and/or sanctions to defendant.

- 5 -

**D.      Conclusion**

For the foregoing reasons, defendant respectfully requests that the Court reconsider its ruling and deny plaintiff's request for a protective order over his medical records in this case and further relief as the Court may deem just and proper.

Dated:        New York, New York
              March 10, 2011

                                              MICHAEL A. CARDOZO
                                              Corporation Counsel of the
                                              City of New York
                                              *Attorneys for Defendant*
                                              100 Church Street, Room 3-226
                                              New York, New York 10007
                                              (212) 788-0784

                              By:             _____
                                              Rachel Seligman Weiss
                                              Senior Counsel

                                              Shlomit Aroubas
                                              Assistant Corporation Counsel


TO:     Gabriel Harvis, Esq.
        Harvis & Saleem LLP
        *Attorney for Plaintiff*